**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Cruz Alejandro MARTINEZ–LUNA,
Defendant—Appellant.**

No. 05–50462.

United States Court of Appeals,
Ninth Circuit.

Submitted May 15, 2006.*

Decided May 22, 2006.

Becky S. Walker, Esq., Douglas A. Axel, Esq., USLA–Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

James H. Locklin, Esq., FPDCA–Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Cruz Alejandro Martinez–Luna appeals the sentence imposed following his guilty

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

plea to illegal reentry following deportation in violation of 8 U.S.C. § 1326. Martinez–Lunez contends that district court err by sentencing him to a term of 57 months when he only pled to the elements of 8 U.S.C. § 1326(a), which carries a maximum sentence of two years. He contends that *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) is no longer good law. This issue is foreclosed. *See United States v. Weiland,* 420 F.3d 1062, 1080 n. 16 (9th Cir.2005) (holding that we are bound to follow *Almendarez–Torres* even though it has been called into question, unless it is explicitly overruled by the Supreme Court).

AFFIRMED.

Eduardo Hernandez appeals from his sentence imposed following his conviction for unlawful reentry of a deported alien, in violation of 8 U.S.C. § 1326. Hernandez contends that district court err by sentencing him to a term of 51 months when he only pled to the elements of 8 U.S.C. § 1326(a), which carries a maximum sentence of two years. He contends that *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) is no longer good law. This issue is foreclosed. *See United States v. Weiland,* 420 F.3d 1062, 1080 n. 16 (9th Cir.2005) (holding that we are bound to follow *Almendarez–Torres* even though it has been called into question, unless it is explicitly overruled by the Supreme Court).

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.